**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

R,                              )
                                )
          Plaintiff,            )
                                )
     v.                         )        Civil Action No. 03-1724 (RWR)
                                )
DISTRICT OF COLUMBIA,           )
     <u>et</u> <u>al.</u>,      )
                                )
          Defendants.           )
_____ )

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Jacqueline R. brought this lawsuit individually, and as guardian of her minor son, Ronnie, alleging common law and federal civil rights claims against defendant District of Columbia (the "District") and others, which stem from an alleged sexual assault against Ronnie at an overnight camp owned and operated by the District.  The District has moved for leave to file a motion for judgment on the pleadings[1] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, asserting that plaintiff's common law claims, Counts One and Two of the complaint, are barred because plaintiff failed to comply with the notice requirement of D.C. Code § 12-309.  Because the parties

---

[1] Defendant alternately calls its underlying motion a "motion for partial dismissal," a "motion for partial summary judgment," and a "motion for judgment on the pleadings."  Because defendant has already answered the complaint, the underlying motion should be a motion for partial judgment on the pleadings. Defendant correctly cites Rule 12(c) as the basis for such a motion.  <u>See</u> <u>Yates v. District of Columbia</u>, 324 F.3d 724, 725 (D.C. Cir. 2003).

-2-

have submitted documents outside the pleadings that will not be
excluded, defendant's Rule 12(c) motion will be treated as one
for partial summary judgment, pursuant to Rule 12(c) and Rule 56.
Because the notice requirement of § 12-309 has been met by a
police report, defendant's motion for partial summary judgment
will be denied.[2]

## BACKGROUND

On August 14, 2003, plaintiff filed a complaint against a
number of defendants, including the District of Columbia.  The
complaint alleges four counts against the District, two of which
are the common law counts that are the subject of defendant's
motion for judgment.  Count One alleges a common law claim of
negligence against the District,[3] specifically, that the District
directly and/or by the acts of its agents and/or employees
breached its duty of care to plaintiffs by, among other things,
failing to properly staff and supervise the camp and cabins;
failing to properly discipline and expel Mark, the alleged
perpetrator, from the camp; tolerating an abusive environment at
the camp and failing to intervene following reports of Mark's
attempted sexual assault on Ronnie and other campers; failing to
prevent the alleged assault on Ronnie despite knowledge of Mark's

---

[2] Because defendant's Rule 12(c) motion will be denied, no
prejudice to plaintiff results from granting defendant leave to
file it, and leave will be granted.

[3] Count One is brought also against John Doe defendants.

-3-

inappropriate and violent behavior; failing to provide safe sleeping cabins or have adult supervision within the vicinity; failing to establish an atmosphere at camp such that victims could have disclosed the incidents of assault and prevented abuse of Ronnie; and failing to properly discharge parental duties to supervise, care and protect Ronnie.  (See Compl. at 13-15.)

Count Two alleges a common law claim of false imprisonment against the District, alleging that the District is responsible for the conduct of Mark through the doctrine of respondeat superior.  (See Compl. at 16.)  The complaint alleges that Mark detained Ronnie against his will and deprived Ronnie of his freedom of movement during the course of the sexual assault. (See id.)

The District now moves for leave to file a motion for partial judgment on plaintiff's common law claims, based on lack of subject matter jurisdiction, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[4]  Plaintiff opposes, arguing that the motion is untimely and that plaintiffs would be prejudiced if leave is granted.

In its underlying motion for partial judgment on the pleadings, the District argues that plaintiff failed to meet the mandatory notice requirement of D.C. Code § 12-309, and as such,

---

[4] The District has filed this belated dispositive motion on the eve of trial after having represented five months ago that it would be filing no dispositive motions.

-4-

its common law claims against the District are barred.  The
District further argues that this failure is jurisdictional.  In
support of its motion, the District attached a one-page police
report, which it contends is insufficient to meet the notice
requirement of § 12-309.  (See Def.'s Mot. for Leave Ex. 2.)
Plaintiff opposes, arguing that § 12-309 is not a jurisdictional
bar to suit, that defendant has waived it as a defense, and that
the Metropolitan Police Department report does meet the notice
requirement of § 12-309.  Plaintiff attaches a twenty-one page
version of the police report, which is inclusive of the version
submitted by the District.  (See Pl.'s Opp'n Ex. 6.)

DISCUSSION

"If, on a motion for judgment on the pleadings, matters
outside the pleadings are presented to and not excluded by the
court, the motion shall be treated as one for summary judgment
and disposed of as provided in Rule 56, and all parties shall be
given reasonable opportunity to present all material made
pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(c);
see also Yates v. District of Columbia, 324 F.3d 724, 725 (D.C.
Cir. 2003).

Here, defendant submitted a one-page Metropolitan Police
Department report as an attachment to its motion.  Plaintiff
submitted a multiple-page Metropolitan Police Department report,
which includes the one-page version submitted by defendant, as an
attachment to its opposition.  Defendant, in its reply, does not

-5-

contest the fuller version of the police report submitted by
plaintiff.  The police report is not attached to any pleading,
and is key to the resolution of whether plaintiff met the notice
requirement of § 12-309.  Defendant's motion for judgment on the
pleadings, then, must be treated as a motion for summary judgment
on Counts One and Two.

Summary judgment is proper "if the pleadings, depositions,
answers to interrogatories, and admissions on file, together with
the affidavits, if any, show that there is no genuine issue as to
any material fact and that the moving party is entitled to
judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Aka v.
Washington Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998).  The
record must be viewed in the light most favorable to the
nonmoving party.  See Aka, 156 F.3d at 1288.

I.   MANDATORY NOTICE REQUIREMENT OF D.C. CODE § 12-309

The District of Columbia Official Code, § 12-309, provides
that:

> An action may not be maintained against the District of
> Columbia for unliquidated damages to person or property
> unless, within six months after the injury or damage
> was sustained, the claimant, his agent, or attorney has
> given notice in writing to the Mayor of the District of
> Columbia of the approximate time, place, cause, and
> circumstances of the injury or damage.  A report in
> writing by the Metropolitan Police Department, in
> regular course of duty, is a sufficient notice under
> this section.

D.C. Code § 12-309 (2001).  Defendant argues that because § 12-
309 operates as a waiver of the District of Columbia's sovereign

-6-

immunity, compliance with the statute is what confers subject matter jurisdiction upon the court.  (Def.'s Mem. in Supp. Leave to File ¶ 4.)  Plaintiff argues that failure to comply with § 12-309 is not a jurisdictional bar to suit, and that defendant has waived the § 12-309 defense by its active litigation of the case for nearly two years without raising the § 12-309 defense in a dispositive motion until well after the dispositive motions deadline.[5]  (See Pl.'s Opp'n at 24-25.)

Compliance with the § 12-309 notice requirement is "mandatory as a prerequisite to filing suit against the District." Hardy v. District of Columbia, 616 A.2d 338, 340 (D.C. 1992).  However, the § 12-309 notice requirement is not jurisdictional.  See Dellums v. Powell, 566 F.2d 216, 229 (D.C. Cir. 1977)("Nor is failure to give Section 309 notice a jurisdictional bar to suit [sic] if such failure is not asserted as an affirmative defense it is waived."); see also Lerner v. District of Columbia, 362 F. Supp. 2d 149, 166 (D.D.C. 2005)("The defense of failure to comply with D.C. Code § 12-309 is, like qualified immunity and the statute of limitations, an affirmative defense.").

---

[5] The October 1, 2004 dispositive motions deadline was suspended at the September 1, 2004 status conference when the case was referred to mediation.  No new deadline was imposed since the parties represented at the December 17, 2004 post-mediation status conference that no dispositive motions would be filed.

-7-

Defendant adequately raised the § 12-309 defense in its Answer to the Complaint and did not waive it.  <u>See</u> Answer at 7; <u>Daingerfield Island Protective Soc'y v. Babbitt</u>, 40 F.3d 442, 445 (D.C. Cir. 1994)(holding that the government did not abandon a statute of limitations defense by failing to assert it before first appeal; government adequately raised limitations defense in its answer and was not required to reassert the defense in its subsequent successful summary judgment motion).  While plaintiff argues that defendant's subsequent failure to assert the defense or file a dispositive motion while actually litigating the case for two years should bar defendant from raising the defense now, <u>cf.</u> <u>Lerner</u>, 362 F. Supp. 2d at 166 (where defendants failed to plead § 12-309 affirmative defense in either of their two previous motions to dismiss or in their Answer to the Second Amended Complaint, court found that they waived the defense and it must be excluded from the case), that need not be decided because the statutory notice requirement of § 12-309 has been met.

II.  NOTICE THAT COMPLIES WITH § 12-309

To comply with the requirement of § 12-309, four items of information must be included in the notice to the District:  "The District must be apprised of the approximate time, place, cause, and circumstances of the injury or damage."  <u>Allen v. District of Columbia</u>, 533 A.2d 1259, 1261-62 (D.C. 1987)(internal quotation marks omitted).  Only two forms of notice are permitted:  written

-8-

notice from the claimant, agent, or attorney; or a written report by the Metropolitan Police Department, written in the regular course of business.  See id. at 1262.  Permitting police reports "to serve as an alternative form of notice is based on the idea that written notice by a claimant should not be a prerequisite to legal action if, in fact, *actual notice* in the form of a police report has been received by the District."  Id.  However, the mere existence of a police report does not necessarily result in compliance with the statute -- the police report "must contain information as to time, place, cause and circumstances of injury or damage with at least the same degree of specificity required of a written notice."  Id. (quoting Miller v. Spencer, 330 A.2d 250, 251 (D.C. 1974)).

Here, plaintiff does not claim that she, her agent, or her attorney provided written notice to the District of the alleged injury.  Plaintiff claims, however, that notice was provided to the District in the form of a police report by the Metropolitan Police Department in response to the complaint of another boy at Camp Riverview of an alleged sexual assault on July 10, 2001. (See Compl. ¶ 15; Pl.'s Opp'n Ex. 6.)

Whether a police report satisfies the statutory notice requirement of § 12-309 is a question of law.  Doe v. District of Columbia, 697 A.2d 23, 27-29 (D.C. 1997).  Additionally, whether a police report constitutes statutory notice can be determined only "after consideration of the particular facts of the case,

the nature of the report itself and the objectives sought to be attained by the notice provision." <u>Pitts v. District of Columbia</u>, 391 A.2d 803, 808-09 (D.C. 1978).  The purpose of § 12-309 is to "(1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjudicated and meritless claims resisted." <u>Id.</u> at 807.  Further, it was enacted to ensure that the District received early notice of possibly significant claims "so that they could[] quickly investigate before evidence became lost or witnesses unavailable; correct hazardous or potentially hazardous conditions; and settle meritorious claims." <u>Gwinn v. District of Columbia</u>, 434 A.2d 1376, 1378 (D.C. 1981).

Furthermore, "although strict compliance with § 12-309's requirement that timely notice be given to the District is mandatory, greater liberality is appropriate with respect to the content of the notice." <u>Wharton v. District of Columbia</u>, 666 A.2d 1227, 1230 (D.C. 1995).  "[W]ith respect to the *content* of the notice, . . . in close cases we resolve doubts in favor of finding compliance with the statute." <u>Id.</u>

At issue in this case is a July 14, 2001 P.D. 123 Metropolitan Police Department Report of Investigation prepared in response to a report by another camper of a sexual assault at Camp Riverview.  (<u>See</u> Pl.'s Opp'n Ex. 6 at 1-2.)  According to the report, on July 10, 2001, during the evening, at Camp

-10-

Riverview in Scotland, Maryland, an 11-year old named Mark made the complainant go into the bathroom, blocked the bathroom door, "stated to the complainant, 'If you don't take your pants down, I'm going to spit on you and pea [sic] on you tonight in the cabin[,]'" "advised the complainant to bend over" after the complainant pulled his pants down, anally raped the complainant for about five minutes, and threatened harm to the complainant if he told anyone what happened.  (Id. at 1-2, 8.)

Additionally, the report contains the following statement: "The complainant further advised the undersigned that Mark also sexually assaulted three campers, Ronnie [last name redacted] age ten, Chris [last name redacted] age twelve, and Shawn (unknown age and last name)."  (Id. at 2.)  Another page of the report mentions this allegation about more victims again.  (Id. at 20.)  The report further states that "the complainant attempted to call home on Tuesday, July 10, Wednesday, July 11, and Thursday, July 12, 2001.  During every attempt a camp counselor advised the complainant to wait."  (Id. at 2.)

The crux of the defendant's argument is its assertion that the police report does not put the District on notice that it might be subject to liability for failure to supervise as a result of the events described.  (See Def.'s Mot. for Partial Dismissal ("Def.'s Mot.") at 6; Def.'s Reply to Pl.'s Opp'n to Mot. Partial Dismissal ("Def.'s Reply") at 3.)  Defendant argues that the report lacks information related to the particular

-11-

location within the camp where the alleged assault on Ronnie occurred or the time of day that it occurred.  (Def.'s Reply at 3.)  However, with regard to details contained in a notice, "'[p]recise exactness is not absolutely essential.'"  <u>Pitts</u>, 391 A.2d at 807 (quoting <u>Hurd v. District of Columbia</u>, 106 A.2d 702, 705 (D.C. 1954)).  Furthermore, "notice under the statute need only 'furnish a reasonable guide for inspection . . . and provide any early warning to District of Columbia officials regarding litigation likely to occur in the future.'"  <u>Wharton</u>, 666 A.2d at 1230 (quoting <u>Gaskins v. District of Columbia</u>, 579 A.2d 719, 721 (D.C. 1990)).  This "reasonable guide for inspection" standard "has 'tolerated inaccuracies or lack of precision in the notice that did not affect its basic adequacy to permit a prompt and focused investigation.'"  <u>Id.</u> at 1231 (quoting <u>Gaskins</u>, 579 A.2d at 723); <u>see, e.g.</u>, <u>Washington v. District of Columbia</u>, 429 A.2d 1362, 1365 & n.8 (D.C. 1981) (sufficient notice to state that fall occurred in single-family residence, without specifying where in the home the injury occurred).  <u>Cf. Doe v. District of Columbia</u>, 697 A.2d at 27 (in case focused on whether notice adequately described District's role in the injury, court noted that it is reasonable to require specificity with respect to cause and circumstances of injury).

In this case, the police report does reveal the location of the injury, because the report contains the complaint that Mark sexually assaulted at least four campers, including Ronnie, at

-12-

Camp Riverview in Scotland, Maryland.  The report also sufficiently reveals the approximate time of the injury.  It reports that an assault occurred on July 10, 2001 against a complainant who had been at the camp during at least that week.  Although this date information is imprecise as to an assault on Ronnie, this lack of precision does not affect its basic adequacy in permitting a prompt and focused investigation into a possible sexual assault on Ronnie at Camp Riverview around the same time frame.

Defendant also appears to dispute whether the report sufficiently states the cause and circumstances of the injury.  (See Def.'s Mot. at 6; Def.'s Reply at 3.)  "[T]he circumstances must be described with enough specificity to allow the District to conduct a prompt, properly focused investigation of the claim."  Allen, 533 A.2d at 1262 (internal quotation marks omitted).  A "report provides sufficient notice of the 'cause' of an injury to satisfy the statutory requirement, if it recites facts from which it could be reasonably anticipated that a claim against the District might arise."  Pitts, 391 A.2d at 809 (where police report denoted that child slipped and fell through guard rail after attempting to climb a flight of stairs in a public housing project, and revealed that a police investigator went to the scene and investigated the circumstances of the incident, report provided sufficient notice of "cause").  The District of Columbia Court of Appeals in Washington v. District of Columbia,

-13-

429 A.2d 1362 (D.C. 1981), further defined what is required for proper notice under the "cause" element:

> [T]he written notice or police report must disclose both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence. Such notice would suffice, therefore, if it either characterized the injury and asserted the right to recovery, or without asserting a claim described the injuring event with sufficient detail to reveal, in itself, a basis for the District's potential liability.

429 A.2d at 1366 (also noting that the notice or police report "will not suffice if, under a reasonable construction, it suggests a basis for the claim that differs from the one eventually alleged").  See Rieser v. District of Columbia, 563 F.2d 462, 476 (D.C. Cir. 1977), vacated and reinstated in part on rehearing by 580 F.2d 647 (D.C. Cir. 1978)(where father of woman who was raped and murdered by parolee sued the District, and the District contended that the police report did not afford notice of the causal connection between the injury and any negligent acts of its agents, court found that "the police reports provided the District notice of the principal facts sufficient to lead it to those related facts which were peculiarly within its possession, and that the requirements of section 12-309 were satisfied"); Feirson v. District of Columbia, 315 F. Supp. 2d 52, 56 (D.D.C. 2004)(finding that a description of injuring event -- an injury that occurred while plaintiff was in a combat training program -- was sufficient to indicate basis for District's potential liability for tort claim that plaintiff asserted, since

-14-

description contained language indicating that the MPD was
responsible for plaintiff's participation in the training and
suggesting that the training was a condition of plaintiff's
continued employment with the MPD); James v. District of
Columbia, 610 F. Supp. 1027, 1031 (D.D.C. 1985)(where arrestee
brought common law claims against District based on alleged
negligent supervision, training, and discipline of its police
officers, and police had a police report of the arrest, a
completed "Arrestee's Injury or Illness Report and Request for
Examination and Treatment," witness statements regarding
officer's conduct, and results of a police investigation
regarding the officer's improper conduct, district "was fully
apprised in ample time of all it needed to know to anticipate and
prepare to defend against" a claim).

    The defendant asserts that "there is nothing in the report
to suggest that the alleged assault resulted from the District's
failure to supervise the perpetrator."  (Def.'s Mot. at 8; see
Reply at 3.)  Yet the police report includes multiple pieces of
information that collectively provide notice to the District of
potential tort claims.  First, the report contains a description
of the alleged assault by Mark on the complainant and the
statement that Mark assaulted other campers, including Ronnie.
In addition, the report documents that Camp Riverview is run by
the D.C. Department of Parks and Recreation and is owned and
operated by the District of Columbia.  (Pl.'s Opp'n Ex. 6 at 1,

-15-

18, 20.)  Critically, the report also includes a note that "Mark is the oldest and he was in charge."  (Id. at 12.)  As there is no dispute that the District owns and operates Camp Riverview, any authority that Mark had at the camp would have to have flowed from the District.

Defendant argues that Doe v. District of Columbia, 697 A.2d 23 (D.C. 1997), is applicable here.  Doe was a suit against the District for injuries a child incurred from being burned by hot water in a bathtub; plaintiff alleged a failure on the part of the District to intervene and take the child out of a suspected abusive environment before the child received the burns.  Id. at 26-27.  The Court of Appeals held that the police report did not meet § 12-309 because it did not sufficiently describe the District's role in the injury.  Id. at 29.  The reports did not "refer to any direct involvement by the District in determining [the child's] primary caretaker or residence."  Id. at 28.  Here, by contrast, the police report does suggest direct involvement by the District, in its inclusion of the information that the camp was run by the District and that "Mark was. . . in charge."  (See Pl.'s Opp'n Ex. 6 at 12.)  Such information provides notice to the District of a possible claim against the District for acts committed by Mark, based on the reported grant of authority to Mark.  The report contains (1) the name and age of the alleged perpetrator, Mark, (2) the names of four campers, including Ronnie, who were allegedly sexually assaulted by Mark, (3) the

allegation that Mark sexually assaulted Ronnie, (4) the location
where the alleged injuries were sustained, (4) the date on which
the alleged injury against the complainant occurred, (5) a
description of how the injury against the complainant occurred,
(6) information that the camp was run by the District of
Columbia, and (7) a statement that Mark was "in charge."  (See
Pl.'s Opp'n Ex. 6.)  It is therefore apparent that the report
contains information of the circumstances surrounding an alleged
sexual assault against Ronnie, and alleged facts regarding the
District's involvement in this injury, from which the District
could reasonably anticipate that tort claims against the District
might arise.

CONCLUSION AND ORDER

No material facts are genuinely in dispute concerning the
allegations of which the District was made aware in the police
report about assaults on Ronnie and other campers at the
District's camp.  These allegations were sufficient to satisfy
the notice requirement of § 12-309.  Therefore, defendant is not
entitled to judgment as a matter of law and defendant's Rule
12(c) motion, treated as a motion for summary judgment on Counts
One and Two, will be denied.  Because this disposition causes no
prejudice to the plaintiff, defendant's motion for leave to file
its belated Rule 12(c) motion will be granted.  Accordingly, it
is hereby

-17-

ORDERED that defendant's Motion for Leave to File a Motion for Partial Dismissal [22] be, and hereby is, GRANTED.  It is further

ORDERED that defendant's underlying Motion for Partial Dismissal [22] be, and hereby is, DENIED.

SIGNED this 16th day of May, 2005.

<u>        /s/                    </u>
RICHARD W. ROBERTS
United States District Judge