**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
R.,                            )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 03-1724 (RWR)
                               )
DISTRICT OF COLUMBIA,          )
    et al.,                    )
                               )
        Defendants.            )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jacqueline R. sued the District of Columbia and others on her own behalf, and as guardian of her minor son, Ronnie, alleging common law and federal civil rights claims, stemming from a sexual assault against Ronnie at an overnight camp owned and operated by the District. At trial, the jury found in favor of the plaintiff and awarded damages in the amount of $550,000. After the trial, the District moved for judgment as a matter of law, or for a new trial and to stay execution of the judgment, and Jacqueline R. moved for taxation of costs and to enforce the judgment. Because the District had proper notice of the plaintiff's claim, defendant's motion for judgment as a matter of law will be denied. Because the defendant was not entitled to a special interrogatory for the jury and because plaintiff's closing argument was not improper and did not unfairly prejudice the defendant, defendant's motion for a new trial will be denied. Because plaintiff is entitled only to

-2-

limited copying costs, plaintiff's motion for taxation of costs will be granted in part and denied in part.  Defendant's motion to stay the execution of the judgment will be denied as moot and plaintiff's motion to enforce the judgment will be denied without prejudice.

## BACKGROUND

In the summer of 2001, the plaintiff enrolled her son Ronnie in an overnight camp run by the District.  During the time Ronnie was at the camp, "Mark," another camper, sexually assaulted him.  The plaintiff brought this action against the District and others alleging, among other things, that the District directly or by the acts of its agents or employees breached its duty of care to the plaintiff by failing to properly staff and supervise the camp and cabins, failing to properly discipline and expel Mark from the camp, tolerating an abusive environment at the camp and failing to intervene following reports of Mark's attempted sexual assault on Ronnie and other campers, failing to prevent the alleged assault on Ronnie despite knowledge of Mark's inappropriate and violent behavior, failing to provide safe sleeping cabins or have adult supervision within the vicinity, failing to establish an atmosphere at camp such that victims could have disclosed the incidents of assault and prevented the abuse of Ronnie, and failing to properly discharge duties in loco parentis to supervise, care for and protect Ronnie.  (See Compl. at 13-15.)

-3-

Before trial, the District moved to dismiss the common law claims against it arguing that the plaintiff failed to provide the District with proper notice of her claim before filing suit as is required by D.C. Code § 12-309.  The District claimed plaintiff's notice was inadequate and attached to that motion a one-page version of a police report, known as a P.D. 123, concerning this event that did not include or refer to any accompanying investigation notes.  (Def.'s Mot. for Partial Dismissal, Att. 1.)  In her opposition, the plaintiff attached a longer version of the police report, which included investigation notes, stating that the District's motion erroneously excluded twenty pages of a twenty-one page police report.  (Pl.'s Opp'n to Def.'s Mot. for Partial Dismissal at 8-9.)  In its reply, the District did not object to the longer version, referred to the investigation notes as "the report," but did not explicitly agree that the police report included the notes.  (Def.'s Reply in Support of Mot. for Partial Dismissal at 3 n.2.)

The P.D. 123 police report[1] identified the approximate date of the incident and the names of the perpetrator and several victims, and stated that both the victims and the perpetrator were campers; that the perpetrator was 11 years old; that the victims' ages were 10 and 12; that one of the campers sexually

---

[1] The P.D. 123 police report is a two page document.  In its original motion, the District attached only the second page.  Because both pages comprise the P.D. 123 report, both pages will be considered.

-4-

assaulted other campers in multiple incidents; that the assaults took place at the camp in the evening; and that the overnight camp was owned and run by the District of Columbia.  (See Decl. Detective Sergeant Hines, Ex. B at 10-11, 15, 17.)

The motion was denied because the longer version of the police report containing a notation in the investigation notes that "Mark is the oldest and he was in charge" met the notice requirement, and the "Defendant, in its reply, [did] not contest the fuller version of the police report submitted by the plaintiff."  R. v. District of Columbia, 370 F. Supp. 2d 267, 270, 274 (D.D.C. 2005).

At the close of the evidence at trial, the District requested a special interrogatory to ensure that the jury's verdict was based on findings of sufficient foreseeability of Mark's criminal act.  (Def.'s Mot. for J. as a Matter of Law at 12-13.)  This request was denied.  (Id. at 13.)

During closing arguments, the plaintiff's attorney said that "in everything we do in life we value people and children more than property.  You cannot even buy a house [nowadays] in town for $500,000."  (Trial Tr. 6/1/06 1st p.m. at 63; see Def.'s Mot. for J. as a Matter of Law at 13.)  The District's objection to the mention of a dollar amount was overruled after the District could not provide any authority to support the objection. Although the District was given the opportunity to brief the

issue (Trial Tr. 6/1/06 1st p.m. at 65; 6/1/06 2d p.m. at 1), the District never did.

DISCUSSION

I.   MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL

The District now moves for judgment as a matter of law, arguing that the investigation notes are not police reports under § 12-309 and the police report did not satisfy the notice requirement of § 12-309 without the investigation notes.  The District also moves for a new trial, arguing that without a special verdict form, there was no basis "to determine whether the factual findings of the jury support a claim that it was foreseeable that 'Mark' would commit a serious felony," and that the plaintiff's attorney's mention of the price of a house during closing arguments prejudiced the District.

   A.   <u>Mandatory notice requirement of D.C. Code § 12-309</u>

The District of Columbia Code § 12-309 provides that:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.  A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code § 12-309 (2001).

The notice requirement under § 12-309 may be satisfied by written notice or a police report.  D.C. Code § 12-309.  To give

-6-

proper notice, a police report must be in writing by the Metropolitan Police Department and must have been written in the regular course of duty. Id.  It is "firmly established that, because it is in derogation of the common law principle of sovereign immunity, section 12-309 is to be construed narrowly against claimants." District of Columbia v. Dunmore, 662 A.2d 1356, 1359 (D.C. 1995).  The D.C. Court of Appeals has held that "Section 12-309 makes clear that police reports are the only acceptable alternatives to a formal notice," and "[t]he court is not free to go beyond the express language of the statute and authorize any additional documents to meet its requirements." Doe v. District of Columbia, 697 A.2d 23, 28 (D.C. 1997).  While courts grant "greater liberality . . . with respect to the content of the notice," Wharton v. District of Columbia, 666 A.2d 1227, 1230 (D.C. 1995), they are extremely stringent about refusing to accepting additional or supplemental documents, even when those documents are in the District's possession. Jenkins v. District of Columbia, 379 A.2d 1177, 1178 (D.C. 1977) (rejecting documents related to criminal trial and acquittal as supplements); Doe, 697 A.2d at 28 (rejecting files from Department of Human Services, the Office of the Corporation Counsel, and the U.S. Attorney's Office as supplements).

Here, the sergeant who wrote the investigation notes distinguishes them from police reports and states that notes are "not attached to any reports . . . but are placed in the rear

section of the investigation file." (Decl. Detective Sergeant Hines ¶ 6, at 2.)  This declaration and the strict construction of § 12-309 would favor resolving any ambiguity by reading the provision strictly in the District's favor and not considering the investigation notes as part of the police report under § 12-309.[2]

Contrary to the strict interpretation rule of § 12-309, Dunmore, 662 A.2d at 1359, "greater liberality is appropriate with respect to the *content* of the notice."  Wharton, 666 A.2d at 1230 ("[O]n the question of whether or not a notice in fact given is sufficiently definite as to the time, place, nature, etc. of the injury, the rule of liberal construction is generally adopted by the courts.").  "[I]n close cases we resolve doubts in

---

[2] Plaintiff's argument that the District is estopped from raising this point because it took the opposite position before the trial lacks merit. (Pl.'s Opp'n to Def.'s Mot. for J. as a Matter of Law at 13-14.)  To be barred by judicial estoppel, (1) "a party's later position must be 'clearly inconsistent' with its earlier position"; (2) "the party [must] succeed[] in persuading a court to accept that party's earlier position"; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  New Hampshire v. Maine, 532 U.S. 742, 750-751 (2001).  The principle of judicial estoppel has been repeatedly rejected in this jurisdiction.  Konstantinidis v. Chen, 626 F.2d 933, 938 (D.C. Cir. 1980) ("We conclude that the judicial estoppel doctrine has no vitality in this jurisdiction."); Thoubboron v. Ford Motor Co., 809 A.2d 1204, 1212 n.9 (D.C. 2002).  Judicial estoppel would not apply in any event because although the District in its reply to the pre-trial motion did not object to the plaintiff's inclusion of the investigation notes, it attached only the one page police report in its motion to dismiss, presenting no "clearly inconsistent" position.

-8-

favor of finding compliance with the statute." Id. However, proper notice must include the time, place, cause and circumstances of the injury or damage. D.C. Code § 12-309 (2001); Allen v. District of Columbia, 533 A.2d 1259, 1261-62 (D.C. 1987).

The opinion denying the District's motion for partial dismissal relied only on the P.D. 123 police report to find that the District received proper notice of the time and location of the plaintiff's injury. R., 370 F. Supp. 2d at 272-73. However, the opinion referred to the investigation notes, which stated that "Mark is the oldest and he was in charge," in addition to the P.D. 123 to support its finding of sufficient notice of cause and circumstances. Id. at 274. Thus, the dispute is narrowed to only whether proper notice of cause and circumstance was provided.

Notice of the cause of the injury is sufficient "if it recites facts from which it could be reasonably anticipated that a claim against the District might arise." Pitts v. District of Columbia, 391 A.2d 803, 809 (D.C. 1978) (holding that notice of cause in a police report was sufficient where it stated that a child "slipped and fell through a guard rail . . . after attempting to climb . . . a flight of stairs (4 stairs)" at a public housing project and that the investigator plans to find and photograph the exact location of the fall). The notice must "either characterize[] the injury and assert[] the right to

-9-

recover, or without asserting a claim describe[] the injuring event with sufficient detail to reveal, in itself, a basis for the District's potential liability." Washington v. District of Columbia, 429 A.2d 1362, 1366 (D.C. 1981).  Notice is insufficient where the police report fails to suggest that the injury was caused by the District's neglect.  Doe, 697 A.2d at 27 (finding insufficient notice because the police report failed to indicate that the Department of Human Services had any duty of care or breached a duty to intervene and protect the injured child); Braxton v. Nat'l Capital Hous. Auth., 396 A.2d 215 (D.C. 1978) (finding insufficient notice when a police report of a burglary of a public housing apartment failed to mention that the burglar entered the victim's apartment with a skeleton key that the District had custody of but lost).

Here, the police report made plain that the overnight camp was owned and run by the District of Columbia, that both the victims and the perpetrator were campers and minors under the District's charge, and that the perpetrator sexually assaulted other campers in multiple incidents in the evening.  (See Decl. Detective Sergeant Hines, Ex. B at 10-11, 15, 17.)  The police report provided sufficient notice that the cause of the injury was the overnight camp's breach of its duty to properly supervise its campers.  The District could anticipate from these facts that the victims would hold the District liable for failing to

-10-

supervise its campers and prevent these incidents from occurring.[3]

A police report meets the circumstances of injury notice requirement if the "circumstances [are] detailed enough for the District to conduct a prompt properly focused investigation of the claim." Washington, 429 A.2d at 1366-67 (holding that when a woman fell and injured herself in a public housing unit allegedly due to inadequate maintenance of handrails and lighting, there was sufficient notice of the circumstances in a letter that specified the location, name of the victim, and date; referred to a "fall"; described the injury as a "broken leg"; and named the hospitals that had treated the injured); Allen, 533 A.2d at 1262.

Here, the police report included "(1) the name and age of the alleged perpetrator, Mark, (2) the names of four campers, including Ronnie, who were allegedly sexually assaulted by Mark, (3) the allegation that Mark sexually assaulted Ronnie, (4) the location where the alleged injuries were sustained, [(5)] the date on which the alleged injury against the complainant occurred, [(6)] a description of how the injury against the complainant occurred, [(7)] information that the camp was run by the District of Columbia" and the approximate date of the incident. R., 370 F. Supp. 2d at 274. The report, therefore,

---

[3] Thus, notice of the cause of injury does not rest solely upon the claim that the camp staff left the perpetrator in charge of the campers.

-11-

stated the necessary information - - location, name of victim, date and the source of the injury - - to allow the District to investigate the claim. Although the fact that Mark was left in charge of the campers was originally considered in finding sufficient notice of circumstances, the District still had sufficient notice without this detail to conduct "a prompt properly focused investigation of the claim." Washington, 429 A.2d at 1366. There was enough in the report itself, without reference to the investigation notes "to give the District timely information . . . so it [could] adequately prepare its defense." Pitts, 391 A.2d at 809 (citing Stone v. District of Columbia, 237 F.2d 28, 32 (D.C. Cir. 1956)).

Because the police report without the investigation notes complied with § 12-309 and because "we resolve doubts in favor of finding compliance with the statute[,]" Wharton, 666 A.2d at 1230, the District's motion for judgment as a matter of law will be denied.

    B.   Special Interrogatory

The District argues that the court erred when it refused to submit a special interrogatory to the jury to determine whether the jury found that the perpetrator's behavior was foreseeable, and requests a new trial. (Def.'s Mot. for J. as a Matter of Law at 12-13.) It is well established that "the submission of special interrogatories is within the discretion of the court." Zaiko v. District of Columbia, 427 F.2d 606, 609 (D.C. Cir. 1970)

(citing Smith v. Welch, 189 F.2d 832 (10th Cir. 1951)).  A defendant is not always entitled to a special interrogatory. See, e.g., Hall v. General Motors Corp. 647 F.2d 175, 179 n.10 (D.C. Cir. 1981).  A "jury must be presumed to follow the Court's instructions." Caldwell v. District of Columbia, 201 F. Supp. 2d 27, 32 (D.D.C. 2001).

Here, the District concedes that if the jury found that Ronnie had informed his counselors that Mark had attempted to sexually assault him in the shower, Mark's later completed assault on Ronnie would have been foreseeable.  (Def.'s Mot. for J. as a Matter of Law at 12.)  See also Boykin v. District of Columbia, 484 A.2d 560, 565 (D.C. 1984) (holding that the District is liable for third party criminal acts when the act "should have been reasonably anticipated and protected against"). The District conceded at trial that a jury could have reasonably found that a counselor was alerted to Mark's conduct prior to his assault based on the trial evidence, and that this evidence was not insufficient as a matter of law for the jury to find the District negligent.  (Trial Tr. 6/1/05 a.m. at 106.)  The District does not dispute that the jury was properly instructed on negligence and foreseeability, or that the jury properly followed those instructions.  (Pl.'s Opp'n to Def.'s Mot. for J. as a Matter of Law at 12.)  Because submitting a special verdict form to the jury was not necessary in this case and failure to do so was not error, the District is not entitled to a new trial.

-13-

## C. Improper closing arguments

The District also requests a new trial because plaintiff's attorney cited a specific dollar amount in his closing arguments. A new trial may be granted for improper closing arguments where the plaintiff asks the jury to award a specific amount and prejudice results. Queen v. Wash. Metro. Area Transit Auth., 901 F.2d 135, 140 (D.C. Cir. 1990). "It is . . . improper for counsel to suggest to the jury that it award a specific dollar amount." District of Columbia v. Colston, 468 A.2d 954, 957 (D.C. 1983); see also Joligard v. Addy, No. 90-7186, 1992 WL 78069, at *3 (D.C. Cir. Apr. 15, 1992) ("There is no question that counsel's remark that his client would be satisfied with a $150,000 verdict was improper."); Piper v. Andrews, 216 F. Supp. 758, 762 n.9 (D.D.C. 1963) (finding counsel's statement "that the evidence justified a total verdict of $100,000" to be improper).

A statement mentioning a specific dollar amount during closing arguments, however, is not improper. Colston, 468 A.2d at 958 (finding no impropriety in the argument "[i]s an eye worth five hundred thousand? Eight hundred thousand? A million? That is for you to say.. . . If [the plaintiff] had been offered one million dollars for his healthy eye, you ask yourself if he would have accepted"); Hechinger Co. v. Johnson, 761 A.2d 15, 22 (D.C. 2000) ("I can't tell you what his injuries are worth . . . I can't tell you if it is a million dollars, if it is two million dollars, or if it is three million dollars."). Counsel is at

liberty to argue the seriousness of the case and the injury, "and to stress those aspects of the case that contribute to its seriousness." Colston, 468 A.2d at 957-58; Hechinger, 761 A.2d 22 ("counsel is permitted to stress those aspects of the case which make the client's claim substantial or serious").

Where "the plaintiff's evidence, if believed, provided sufficient basis for awarding" the amount of damages, the defendant cannot show prejudice. Queen, 901 F.2d at 140. And, where the plaintiff's attorney himself clarifies that it is the jury's duty to determine the damages amount, prejudice can be avoided. Colston, 468 A.2d at 958; Hechinger, 761 A.2d at 22. Likewise, prejudice is minimized when a court instructs a jury that its decision must not be influenced by passion, prejudice or sympathy. Colston, 468 A.2d at 958. As always, "[t]he jury is presumed to follow the court's instruction." Hechinger, 761 A.2d at 22.

Here, plaintiff's counsel stated that "in everything we do in life we value people and children more than property. You cannot even buy a house [nowadays] in town for $500,000." (Trial Tr. 6/1/06 1st p.m. at 63.) Plaintiff's counsel did not ask for damages of $500,000, he did not suggest that the evidence warrants an award for that amount, and did not he say that the plaintiff would be satisfied with that amount. Moreover, plaintiff's counsel repeatedly reminded the jury that the jury was responsible for determining the amount of damages and

following the court's instructions.  (Pl.'s Opp'n to Def.'s Mot. J. as a Matter of Law at 25; Trial Tr. 6/1/06 1st p.m. at 63.) Counsel's closing argument was not improper.

Whether or not plaintiff counsel's statement was improper, the suggestion of a dollar amount to the jury did not unfairly prejudice the defendant.  Here, the plaintiff presented testimony from a doctor estimating future psychiatric costs at $457,000. (Pl.'s Opp'n to Def.'s Mot. J. as a Matter of Law at 25.)  See Queen, 901 F.2d at 140 (holding that the plaintiff's evidence supported the $1.2 million verdict and therefore, there was no showing of prejudice where plaintiff's counsel asked for $1 million during closing arguments).  The lack of an immediate jury instruction to disregard the counsel's statement also did not unfairly prejudice the defendant because plaintiff's counsel repeatedly noted that it was the jury's duty to determine the exact amount of damages.  Finally, the instructions to the jury that they must decide the facts only from a fair evaluation of all the evidence "without prejudice, sympathy, fear or favor,"[4] that damages may be based only on the evidence presented during

---

[4] See, e.g., Trial Tr. 6/1/06 1st p.m. at 10.  The jury was given an instruction to this effect in both the preliminary instructions at the beginning of the case and in the final instructions at the end of the case.

-16-

the trial,[5] and that the closing arguments are not evidence,[6] were clear.  See Colston 468 A.2d at 957-58 (noting that there were adequate jury instructions even though the court gave no immediate instructions to disregard the counsel's statement about a specific dollar amount during closing arguments).  Because the jury is presumed to have followed instructions and the instructions clearly stated that only trial evidence and not closing arguments can be the basis for assessing damages, the District has not been unfairly prejudiced and it is not entitled to a new trial.

II.  MOTION FOR TAXATION OF COSTS

The plaintiff has moved for a taxation of costs under Local Civil Rule 54.1.  Among other costs, she seeks $2,736.88 for service of summonses and subpoenas, and $3,452.56 for photocopying.  The District opposes service and photocopying costs.

Local Civil Rule 54.1(d) provides, in part, that "costs of service of summons and complaint, . . . costs of copying those exhibits which are introduced into evidence, are used for impeachment, or are filed with the Clerk, . . . other costs of

---

[5] "Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence."  (Trial Tr. 6/1/06 1st p.m. at 28.)

[6] "Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence." (Trial Tr. 6/1/06 1st p.m. at 14.)

-17-

copying up to $300 [and] . . . costs of service of a subpoena on a witness who testified at a deposition, hearing or trial" shall be taxed by the Clerk. LCvR 54.1. Because the cost of serving summonses and subpoenas are contemplated by the local rule, the plaintiff's motion as to those costs will be granted. Plaintiff does not indicate, however, that the cost of the photocopies was for exhibits introduced into evidence, materials used for impeachment or papers filed with the Clerk. See LCvR 54.1(d)(8) (allowing such costs). Therefore, the plaintiff will be limited to $300 in copying costs. See LCvR 54.1(d)(9) (allowing costs for copying up to $300).

III. MOTIONS FOR ENFORCEMENT OF JUDGMENT AND STAY

The District moved for a stay of execution of the judgment pending decision on their motion for judgment as a matter of law or a new trial to prevent the plaintiff from filing writs of garnishment in Superior Court while this motion was pending. Plaintiff then moved to enforce the judgment claiming that the District refused to pay the judgment and wrongly quashed the garnishments. Because the District's motion to stay was intended to avoid payment of judgment before a final decision on their motion for judgment as a matter of law or for a new trial, the District's motion to stay will be denied as moot. Because the District has represented that it will satisfy the judgment if plaintiff prevails, the plaintiff's motion to enforce the

-18-

judgment will be denied without prejudice to refile if the District refuses to pay the judgment.

## CONCLUSION AND ORDER

Even without considering the investigative notes as part of the police report, the District had proper notice of the plaintiff's claim under § 12-390 and the District's motion for a judgment as a matter of law will be denied.  Because the defendant was not entitled to a special interrogatory for the jury and because plaintiff's closing argument was not improper and did not unfairly prejudice the defendant, the District is not entitled to a new trial.  Plaintiff will be limited to $300 of copying costs, but plaintiff's motion for taxation of costs otherwise will be granted.  Because the motions for judgment or a new trial have been decided, the District's motion to stay the execution of the judgment will be denied as moot and plaintiff's motion to enforce the judgment will be denied without prejudice.

Accordingly, it is hereby

ORDERED that defendant's motion [52] for judgment as a matter of law or for a new trial be, and hereby is, DENIED.  It is further

ORDERED that plaintiff's motion [51] for taxation of costs be, and hereby is, GRANTED in part and DENIED in part.  The plaintiff's request as to photocopying is limited to $300.  All other costs are granted.  It is further

-19-

ORDERED that the District's motion [60] to stay the execution of the judgment be, and hereby is, DENIED.  It is further

ORDERED that plaintiff's motion [62] for execution of the judgment be, and hereby is, DENIED without prejudice.  It is further

ORDERED that plaintiff's motion [68] to expedite and for a hearing be, and hereby is, DENIED as moot.

SIGNED this 31st day of July, 2006.

                                                    /s/  
                                        RICHARD W. ROBERTS  
                                        United States District Judge